IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PENNY WEEMS, | ) |
| Plaintiff, | ) ) ) |
| | ) NO. 3:17-cv-01072 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Plaintiff, Penny Weems, filed this action against her former employer, Defendant, Metropolitan Government of Nashville and Davidson County ("Metro"), asserting Family Medical Leave Act ("FMLA") interference and retaliation claims as well as Americans with Disabilities Act ("ADA") discrimination based on failure to accommodate and failure to engage in the interactive process and retaliation claims. (Doc. No. 20.) Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 24). Plaintiff filed a response in opposition (Doc. No. 30), and Defendant replied (Doc. No. 35). For the reasons stated below, Defendant's motion will be denied.

## FACTUAL BACKGROUND

On April 10, 2006, Plaintiff began working for Defendant in the County Clerk's Office as a title and registration clerk. (Doc. No. 31 ¶ 1; Doc. No. 36 ¶ 1.) As a title and registration clerk, Plaintiff was responsible for waiting on customers and processing title transactions for automobile purchases and transfers. (Doc. No. 36 ¶ 3.) Plaintiff started at the downtown office and then moved to offices in Metro Center, Madison, and Hermitage. (Doc. No. 31 ¶ 1.)

Plaintiff has suffered from an anxiety disorder for the past 25 years. (Doc. No. 36 ¶ 4.) As a result, Plaintiff has visited her doctor on a monthly basis for treatment, often leaving work to attend the appointments. (*Id.* ¶¶ 7-8.) Plaintiff was transferred to the Hermitage branch of the Clerk's Office in part because of its proximity to her doctor's office. (*Id.* ¶ 9.)

On April 5, 2016, Plaintiff applied for and was approved to take FMLA leave to care for her sick father. (Doc. No. 31 ¶ 2.) During this leave, Plaintiff used all of her accrued sick, vacation, and compensatory leave time. (*Id.* ¶ 3.) Plaintiff's father passed away on May 30, 2016, and the Clerk's Office granted her five days of paid bereavement leave. (*Id.* ¶ 4.) Plaintiff utilized approximately seven weeks of continuous FMLA leave to care for her father until his death. (Doc. No. 36 ¶ 17.) Therefore, she had not exhausted the twelve weeks of time allotted to her under the FMLA. (*Id.* ¶ 18.)

On June 6, 2016, Plaintiff spoke with Brenda Wynn (County Clerk) and Joey Workman (Chief Deputy Clerk, Administration) by phone. (Doc. No. 36 ¶ 25; Doc. No. 24-3 at 8; Doc. No. 31 ¶ 9.) Wynn told Plaintiff that she needed to return to work the following day. (Doc. No. 36 ¶ 26.) Plaintiff did not return to work. (*See id.* ¶ 38.) Plaintiff was terminated on June 8, 2016. (Doc. No. 31 ¶ 14.) Plaintiff received a letter from Defendant the following day stating that her employment had been terminated. (Doc. No. 36 ¶ 45.) The stated reasons for Plaintiff's termination included insubordination, abuse of leave time, and performing transactions with inadequate or improper documents. (*Id.* ¶ 46.)

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties

2

will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Trans. Co.,* 446 F.3d 637, 640 (6th Cir. 2006). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record—including, *inter alia*, depositions, documents, affidavits, or declarations—that it believes demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018); Fed. R. Civ. P. 56(c)(1)(A). The non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Pittman*, 901 F.3d at 628.

The court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Id.* Credibility judgments and weighing of evidence are improper. *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be

insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## DISCUSSION

Plaintiff alleges the following claims: (1) FMLA interference; (2) FMLA retaliation; (3) ADA discrimination based on failure to accommodate and failure to engage in the interactive process; and (4) ADA retaliation. (Doc. No. 20 at 4-7.) As discussed above, Defendant moves for summary judgment on all claims. The Court discusses each claim in turn.[1]

### I. FMLA INTERFERENCE

FMLA interference claims follow the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972). *Donald v. Sybra, Inc.*, 667 F.3d 757, 762 (6th Cir. 2012). To establish a *prima facie* case of FMLA interference, the plaintiff must show: (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employer denied the employee FMLA benefits to which she was entitled. *Id.* at 761. Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to offer a legitimate non-discriminatory explanation for its action. *See id.* If the defendant does so, the burden shifts back to the plaintiff who must introduce evidence showing that the proffered explanation is pretextual. *See id.* at 761-62.

---

[1] In her opposition, Plaintiff pointed out that Defendant failed to file an answer to Plaintiff's Amended Complaint, which added ADA claims. In response, Defendant filed a motion for leave to file an answer, which was unopposed. (Doc. No. 34.) The Magistrate Judge granted Defendant's motion, and the Answer to the Amended Complaint was filed on November 15, 2018. (Doc. No. 38.) In light of the foregoing and the Court's ruling herein, the Court now finds Plaintiff's argument regarding potential prejudice from Defendant's failure to file an answer moot.

4

Defendant moves for summary judgment on the fourth element of Plaintiff's FMLA interference claim, arguing that Plaintiff cannot demonstrate that she gave Defendant notice of her intention to take leave after her father's death. To invoke FMLA protection, "an employee must provide notice and a qualifying reason for requesting the leave." *Wallace v. FedEx Corp.*, 764 F.3d 571, 586 (6th Cir. 2014) (quoting *Brohm v. JH Props., Inc.*, 149 F.3d 517, 523 (6th Cir. 1998)). The employee's burden is not heavy. *Wallace*, 764 F.3d at 586. "[A]n employee gives his employer sufficient notice that he is requesting leave for an FMLA-qualifying condition when he gives the employer enough information for the employer to reasonably conclude that an event described in the FMLA . . . has occurred." *Id.* (quoting *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 723-24 (6th Cir. 2003)).

Defendant presents two specific arguments regarding the notice requirement. First, Defendant argues that summary judgment should be granted in its favor because Plaintiff did not request leave from the proper supervisor, Joey Workman.[2] The Court disagrees. A genuine dispute

---

[2] In support of its assertion that a request for FMLA leave must be made to the proper supervisor to provide sufficient notice to the employer, Defendant cites only to *Walton v. Ford Motor Co.*, 424 F.3d 481 (6th Cir. 2005). Defendant, however, mischaracterizes *Walton*. In *Walton*, the plaintiff's failure to notify his supervisor was only one reason supporting the Sixth Circuit's holding that the plaintiff did not provide proper notice to his employer. *See id.* at 486-88. The Sixth Circuit also held that the plaintiff did not provide proper notice to his employer because, *inter alia*, the plaintiff did not contact his employer's labor relations or medical department or respond to a "5-day quit letter." *See id.* at 486. Moreover, the Sixth Circuit relied on the fact that the plaintiff "did exactly what the company required that he *not* do: he called security to request FMLA leave." *Id.* at 488 (emphasis in original). Thus, under *Walton*, requesting leave from the proper supervisor is a relevant factor in determining whether an employee has provided sufficient notice to his employer but is not dispositive of the issue. However, the Court finds support for Defendant's position in 29 C.F.R. § 825.303(c), which is entitled "Employee notice requirements for unforeseeable FMLA leave" and permits employers to condition FMLA leave upon an employee's compliance with the employer's usual notice and procedural requirements, absent unusual circumstances. Here, the parties do not dispute that Defendant's FMLA Policy Handbook states that a FMLA leave request must be sent to the employee's human resources coordinator or supervisor. (Doc. No. 31 ¶ 13; Doc. No. 25-3 at 15.) Workman states that he is responsible for

5

of material fact precludes summary judgment on the notice issue. On the one hand, Defendant presents Joey Workman's Declaration, stating that Plaintiff never requested leave after her father's death. (Doc. No. 25-1 ¶ 9.) On the other hand, Plaintiff cites to her deposition testimony which states that she spoke to Wynn and Workman over the phone about her need to take FMLA leave for her anxiety after her father's death. (Doc. No. 24-1 at 26-30.) By itself, Plaintiff's testimony is, under these circumstances, sufficient to meet her burden as the non-movant on this summary judgment motion. The Court, therefore, does not find Defendant's first argument persuasive.

Second, Defendant argues that Plaintiff failed to follow the FMLA's requirements that she respond to Brenda Wynn's attempts to communicate with her. Under 29 C.F.R. § 825.303, "Failure to respond to reasonable employer inquiries regarding the leave request may result in a denial of FMLA protection if the employer is unable to determine whether the leave is FMLA-qualifying." Defendant provides Wynn's deposition testimony to support this assertion. Although Wynn testifies that she called and texted Plaintiff, Wynn does not specifically testify that she called Plaintiff about a leave request. (*See* Doc. No. 24-3 at 31-32, 45-48, 50-53, 60-61.) In addition, Defendant contradicts its own argument because, as previously discussed, Defendant asserts that Plaintiff never requested leave—in which case Wynn would not have sought to communicate with Plaintiff about a leave request as Defendant now claims. Furthermore, under Plaintiff's version of the facts, which the Court must credit on summary as she is non-movant, Wynn would have been able to determine that the leave she was requesting was FMLA-qualifying because, according to Plaintiff's testimony, she specifically asked Wynn for FMLA leave for her anxiety. (*See* Doc. No. 24-1 at 26-30.) Thus, Defendant's second argument does not persuade the Court that it is entitled

---

human resources decisions involving FMLA leave, and Plaintiff testified to the same. (Doc. No. 25-1 ¶ 6; Doc. No. 24-1 at 21-22.)

to summary judgment. Accordingly, the Court will deny Defendant's motion for summary judgment on the FMLA interference claim.[3]

## II. FMLA RETALIATION

FMLA retaliation claims also follow the burden-shifting framework discussed above. *See Donald*, 667 F.3d at 762. To establish a *prima facie* case of FMLA retaliation, the plaintiff must show: (1) she engaged in an activity protected by the FMLA; (2) her employer knew that he was exercising his FMLA rights; (3) her employer took an adverse employment action; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action. *Hall v. Ohio Bell Tel. Co.*, 529 F. App'x 434, 439 (6th Cir. 2013).

Defendant interprets Plaintiff's FMLA retaliation claim as based on three different adverse employment actions: (1) Defendant's alleged refusal to grant Plaintiff a second FMLA leave; (2) her termination; and (3) her failure to obtain a promotion. (Doc. No. 20 ¶¶ 37-46.) Although the Court finds that the Amended Complaint's only clear basis for FMLA retaliation claim is Plaintiff's termination, the Court adopts Defendant's interpretation of Plaintiff's Amended Complaint for the purposes of this motion. Defendant's motion addresses all three of these theories, which the Court discusses in turn.

---

[3] Plaintiff states that she was denied FMLA coverage for absences in caring for her father prior to April 5, 2016. The Court will not consider this argument because Plaintiff's Amended Complaint does not contain allegations regarding her absences prior to her approved FMLA leave. *See Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 427 (6th Cir. 2015) ("A plaintiff may not raise a new theory for the first time in opposition to summary judgment because to permit a plaintiff to do otherwise would subject defendants to unfair surprise." (internal quotation marks, alteration, and citation omitted)). In addition, the Court will not address Plaintiff's argument regarding pretext because Defendant does not specifically move for summary judgment on that basis.

7

### A. Defendant's Refusal to Grant Plaintiff's Second FMLA Leave

As to Plaintiff's FMLA retaliation claim based on Defendant's alleged refusal to grant Plaintiff a second FMLA leave, Defendant appears to move for summary judgment solely based on the second element—Defendant's knowledge that Plaintiff was exercising her FMLA rights. Because the Court held above that a genuine dispute of material fact precludes summary judgment on the notice issue, which is necessarily tied to Defendant's knowledge that Plaintiff was exercising her FMLA rights, the Court finds that an issue of fact likewise precludes summary judgment in Defendant's favor based on the second element. In other words, based on the previously discussed evidence that Plaintiff presents, Plaintiff raises a genuine issue as to whether Defendant had knowledge that she was exercising her FMLA rights. Accordingly, to the extent Plaintiff's FMLA retaliation claim is based on Defendant's alleged refusal to grant her second FMLA leave, Defendant's motion for summary judgment will be denied.

### B. Plaintiff's Termination

As to Plaintiff's FMLA retaliation claim based on her termination, Defendant appears to move for summary judged based on the second and fourth elements of Plaintiff's *prima facie* case—Defendant's knowledge that Plaintiff was exercising her FMLA rights and a causal connection between FMLA activity and the adverse employment action. As previously discussed, the Court will not grant summary judgment based on the second element because a genuine dispute of material fact exists. The issue, therefore, is whether Plaintiff can raise a genuine dispute of material fact as to the fourth element.

Defendant argues that Plaintiff cannot demonstrate the fourth element of her *prima facie* case related to her termination because she testified in her deposition, "I don't think they fired me because I asked for FMLA." (Doc. No. 24-1 at 46.) However, Defendant fails to note that Plaintiff

testified in the same deposition that she thinks that her request for leave related to her anxiety was a factor in her termination. (*Id.* at 76-77.) In addition, Plaintiff aptly asserts that the close temporal proximity between her alleged request for FMLA leave and her termination is circumstantial evidence of causation. "Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008). Here, Plaintiff was terminated only two days after she allegedly requested FMLA leave—a period the Sixth Circuit has held to be short enough to give rise to an inference of causation. *See Hooks v. Rumpke Transportation Co., LLC*, No. 16-3681, 2017 WL 6506360, at *4 (6th Cir. Aug. 8, 2017) (holding that a temporal proximity of "one to two days" between the protected activity and the adverse employment action "is certainly sufficient" to establish a prima facie case); *Bryson v. Regis Corp.*, 498 F.3d 561, 577 (6th Cir. 2007) (holding that a two day interval between an employee's accommodation request and her termination was sufficient to demonstrate a causal connection).[4] To the extent Plaintiff relies on her initial FMLA leave as the protected activity, the temporal proximity between her leave and her termination is also sufficient circumstantial evidence to give rise to an inference of causation. *See Bryson v. Regis Corp.*, 498 F.3d 561, 571 (6th Cir. 2007) (holding that a period of three months is sufficient to establish causation). In light

---

[4] Because the Court finds that Plaintiff can demonstrate a causal connection based on the evidence discussed above, it need not address Plaintiff's argument regarding Wynn's comment about Plaintiff getting a note from her doctor. Moreover, Plaintiff argues that Defendant terminated Plaintiff because she took leave to care for her father. Plaintiff seems to be referring to the leave she took prior to her formal FMLA leave in April 2016. However, because the Court already finds in favor of Plaintiff as to her FMLA retaliation claim based on her termination, and Plaintiff's Amended Complaint does not contain this theory, the Court declines to address it.

9

of the foregoing, the Court will deny Defendant's motion for summary judgment as to Plaintiff's FMLA retaliation claim based on her termination.[5]

### C. Plaintiff's Lack of Promotion

As to Plaintiff's FMLA retaliation claim based on her failure to be promoted, Defendant appears to move for summary judgment based on the second and fourth elements of Plaintiff's *prima facie* case—Defendant's knowledge that Plaintiff was exercising her FMLA rights and a causal connection between FMLA activity and the adverse employment action. As previously discussed, the Court will not grant summary judgment based on the second element because a genuine dispute of material fact exists. The issue, therefore, is whether Plaintiff can raise a genuine dispute of material fact as to the fourth element of her retaliation claim.

---

[5] In reaching this conclusion, the Court acknowledges that Plaintiff's deposition testimony is inconsistent for the previously discussed reasons. It is not lost upon the Court that Plaintiff's deposition testimony quoted above may be of value to Defendant at trial. The Court, however, emphasizes that credibility judgments and weighing of the evidence are prohibited in ruling on a motion for summary judgment. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009). "[W]hen the non-moving party presents direct evidence refuting the moving party's motion for summary judgment, the court must accept that evidence as true." *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). This is the case even when the non-movant's account is contradictory. *See Shreve v. Jessamine County Fiscal Court*, 453 F.3d 681, 688 (6th Cir. 2006) (crediting the plaintiff's testimony for summary judgment purposes despite inconsistencies in her deposition); *see also Jones v. Garcia*, 345 F. App'x 987, 990 (6th Cir. 2009) ("But Jones' account does not require such a suspension of reality that no reasonable juror could accept it, and that is enough to allow a jury to hear the claim. That Jones may have a difficult time winning his case does not disable him from trying, at least so far as Rule 56 is concerned."); *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 340 (6th Cir. 2008) (noting that for purposes of summary judgment, inconsistencies in plaintiff's claims "go to the weight of her testimony, not its admissibility"). In fact, the Court is required on this motion for summary judgment to consider the facts in the light most favorable to the plaintiff and to make all reasonable inferences in the plaintiff's favor. *Alexander v. Cty. of Wayne*, 689 F. App'x 441, 445 (6th Cir. 2017). The Court cannot say that Plaintiff's statement that she was terminated because she requested FMLA leave is so utterly discredited by the record that no reasonable juror could believe it, especially given the close temporal proximity between the protected activity and adverse employment action. Accordingly, as previously stated, Plaintiff raises a genuine issue as to the fourth element of her *prima facie* case of FMLA retaliation based on her termination.

Although Plaintiff does not address this argument in her opposition, the Court cannot find in Defendant's favor without determining that Defendant has met its summary judgment burden. *See Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 381 (6th Cir. 2011) ("'a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.'" (quoting *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991))). Defendant presents Plaintiff's own deposition testimony in support of its motion. Plaintiff testified that her failure to be promoted was based on her personality and Wynn's assessment of her competency and not her FMLA leave. (*See* Doc. No. 24-1 at 52, 59-60.) Plaintiff does not present any evidence or make an argument to the contrary. Accordingly, Plaintiff has not demonstrated that she can establish her *prima facie* case of FMLA retaliation based on her failure to be promoted. As to this theory, Defendant's motion for summary judgment, therefore, is meritorious.[6]

Rule 56(g)[7] addresses how the Court should proceed where a summary judgment movant is entitled to some but not all of the relief requested by the movant. In the present case, as set forth herein, the Court will not grant Defendant summary judgment as to any of Plaintiff's claims. On the other hand, as indicated above, Defendant has shown via the instant motion that it is entitled

---

[6] The Court will not address Plaintiff's argument regarding pretext in the context of her FMLA retaliation claim because Defendant does not specifically move for summary judgment based on pretext.

[7] "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damage or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed R. Civ. P. 56(g). To be sure, this provision is not a model of clarity with respect to its own applicability. However, the Court concludes that it applies to the issue on which Defendant has prevailed—Plaintiff's FMLA retaliation claim to the extent based on the theory that Defendant retaliated against Plaintiff by failing to promote her and authorizes the substance of the Order the Court will issue.

to some relief, on one of Plaintiff's claims; specifically, Defendant should prevail with respect to Plaintiff's FMLA retaliation claim to the extent that it is based on Plaintiff's non-promotion. Rule 56(g) indicates that an appropriate form of relief in this situation is an order effectively removing from Plaintiff's arsenal the issue on which Defendant has prevailed. The Court will issue such an order in this case, finding that there is no genuine issue of material fact as to whether Defendant retaliated against Plaintiff by refusing to promote her, and that it shall be deemed established that Defendant did not retaliate against Plaintiff by refusing to promote her.

### III. ADA DISCRIMINATION

The Amended Complaint alleges an ADA discrimination claim based on failure to accommodate and failure to engage in the interactive process. (Doc. No. 20 ¶¶ 55-56.)[8] As previously discussed, Defendant moves for summary judgment on both of these claims.

**A. Failure to Accommodate**

The *McDonnell Douglas* burden-shifting approach also applies to Plaintiff's ADA discrimination claim. *See Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 453 (6th Cir. 2004). To establish a *prima facie* case of disability discrimination under the ADA for failure to accommodate, a plaintiff must show that: "(1) she is disabled within the meaning of the Act; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) the employer failed to provide the necessary accommodation." *Mosby-Meachem v. Memphis Light, Gas & Water*

---

[8] Failure to accommodate and failure to engage in an interactive process are two different types of ADA discrimination claims. *See Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 603 (6th Cir. 2018); *Vaughn v. Parkwest Med. Ctr.*, 716 F. App'x 428, 434 (6th Cir. 2017).

*Div.*, 883 F.3d 595, 603 (6th Cir. 2018) (quoting *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982-83 (6th Cir. 2011)).

Defendant moves for summary judgment based on the fourth element of Plaintiff's *prima facie* case—that she requested an accommodation.[9] Defendant uses the same argument discussed in Part I regarding Plaintiff's inadequate notice to Defendant regarding her second FMLA leave request. However, as indicated above, a genuine dispute of material fact exists as to whether Plaintiff requested leave. This means that there is a genuine issue as to whether Plaintiff requested an accommodation, because the Sixth Circuit has held that leave may be a reasonable accommodation under the ADA. *See Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 782 (6th Cir. 1998). Defendant's motion for summary judgment on the ADA Discrimination claim based on failure to accommodate will therefore be denied.

### B. Failure to Engage in an Interactive Process

Failure to engage in the interactive process can constitute an independent violation of the ADA. *Rorrer v. City of Stow*, 743 F.3d 1025, 1041 (6th Cir. 2014). Under the ADA, when an employee proposes a reasonable accommodation, "the employer has a duty to engage in an 'interactive process' to 'identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.'" *Melange v. City of Ctr. Line*, 482 F. App'x 81, 84-85 (6th Cir. 2012) (quoting *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 871 (6th Cir. 2007)). "Even though the interactive process is not described in the statute's text, the

---

[9] Defendant also argues that Plaintiff cannot establish an adverse employment action based on Wynn's request for medical documentation and a request for accommodation related to the lead clerk position. However, the Court finds these arguments to be outside the scope of the Amended Complaint. Plaintiff's failure to accommodate claim is based on Defendant's failure to provide her with the second FMLA leave, as the Amended Complaint states that "Defendant failed to provide Plaintiff with leave as a reasonable accommodation," without referencing the other issues Defendant discusses. (Doc. No. 20 ¶ 56.) Therefore, the Court will not address these arguments.

interactive process is mandatory, and both parties have a duty to participate in good faith." *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 556 (6th Cir. 2008) (citing *Kleiber*, 485 F.3d at 871). However, "[a]lthough mandatory, failure to engage in the interactive process is only an independent violation of the ADA if the plaintiff establishes a prima facie showing that he proposed a reasonable accommodation." *Rorrer*, 743 F.3d at 1041 (citing *Keith v. County of Oakland*, 703 F.3d 918, 929 (6th Cir. 2013)). In addition, "[w]hen a party obstructs the process or otherwise fails to participate in good faith, courts should attempt to isolate the cause of the breakdown and then assign responsibility." *Kleiber*, 485 F.3d at 871 (internal quotation marks and citation omitted).

Defendant argues that summary judgment should be granted in its favor because Plaintiff did not propose a reasonable accommodation. The Court disagrees. Again, the Court holds that a genuine dispute of material fact precludes summary judgment on the issue of whether Plaintiff requested leave, which is considered a reasonable accommodation under the ADA. Accordingly, Defendant's motion for summary judgment on the failure to engage in an interactive process claim will be denied.

## IV. ADA RETALIATION

Plaintiff's ADA retaliation claim also follows the burden-shifting framework discussed above. *See Rorrer*, 743 F.3d at 1046. To establish a *prima facie* case of retaliation under the ADA, the plaintiff must demonstrate: (1) she engaged in protected activity; (2) her engagement in that protected activity was known to her employer; (3) her employer, thereafter, took an adverse employment action against her; and (4) a causal link exists between her engagement in the protected activity and the adverse employment action. *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 525 (6th Cir. 2006).

Defendant argues that Plaintiff cannot demonstrate the first and fourth elements of her *prima facie* case of ADA retaliation.[10] The Court disagrees. In regard to the first element, as previously discussed, Plaintiff testified that she requested leave for her anxiety. (Doc. No. 24-1 at 26-30.) This constitutes a protected activity under the ADA. *See A.C. ex rel. J.C. v. Shelby Cty. Bd. of Educ.*, 711 F.3d 687, 698 (6th Cir. 2013) (holding that a request for accommodation is a protected act under the ADA). Thus, Plaintiff can establish the first element of her *prima facie* case of ADA retaliation—that she engaged in a protected activity. In regard to the fourth element, Defendant again argues that Plaintiff cannot establish a causal connection because she testified in her deposition, "I don't think they fired me because I asked for FMLA." (Doc. No. 24-1 at 46.) As previously discussed, the Court does not find this argument persuasive because Defendant fails to note that Plaintiff testified in the same deposition that she thinks that her request for leave because of her anxiety was a factor in her termination. (*Id.* at 76-77.) In addition, the close temporal proximity between her alleged request for leave and her termination is circumstantial evidence of causation.[11] Plaintiff, therefore, can demonstrate the fourth element of her *prima facie* case of

---

[10] The Court notes that Defendant does not specify which adverse employment action is the basis of its motion with respect to the ADA retaliation claim (unlike the FMLA retaliation claim). Given the thrust of Defendant's argument, the Court interprets its motion on the ADA retaliation claim as being based solely on Plaintiff's termination. Because the Court will deny Defendant's motion in this regard, the Court need not determine whether Plaintiff's ADA retaliation claim could survive if based on some other adverse employment action. This does not mean, however, that the Court finds that Plaintiff actually alleged in her Complaint a retaliation claim based on other adverse employment actions.

[11] Because the Court finds that Plaintiff can demonstrate a causal connection based on the evidence discussed above, it need not address Plaintiff's argument regarding Wynn's comment about Plaintiff getting a note from her doctor.

ADA retaliation. Accordingly, the Court will deny Defendant's motion for summary judgment as to Plaintiff's ADA retaliation claim.[12]

## CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendant's Motion for Summary Judgment (Doc. No. 24). The Court will **DENY** Defendant's motion on all claims, and the case will proceed to trial on all claims. However, as discussed herein, the Court will find that there is no genuine issue of material fact as to whether Defendant retaliated against Plaintiff by refusing to promote her and that it is established that Defendant did not retaliate against Plaintiff by refusing to promote her.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[12] The Court will not address Plaintiff's argument regarding pretext because Defendant does not specifically move for summary judgment on that basis.